# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUDOLFO MOLINA, JR., | ) | 1:07-cv-00773-OWW-TAG HC |
| Petitioner, | ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATIONS TO SUMMARILY DENY PETITION FOR WRIT OF HABEAS CORPUS AS FRIVOLOUS |
| JEFFREY WRIGLEY, Warden, | ) | (Doc. 1) |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on May 29, 2007. (Doc. 1). The petition appears to challenge a disciplinary action by the authorities at Taft Correctional Institution, Taft, California ("TCI"), on an unknown and unnamed date. Petitioner alleges that staff at TCI determined he was time barred from submitting appeals of the disciplinary ruling and that the staff committed fraud in so doing. (Doc. 1, p. 3). As grounds therefore, Petitioner further alleges that the incident report on which the disciplinary proceeding was based named a "corporation" rather than Petitioner because the name was typed in capital letters rather than simply capitalizing the first letter of each name. (Id. at p. 3). In an addendum to the petition, Petitioner reiterates that he is a "flesh and blood natural man of God," and "not a corporation." (Id., addendum, p. 1). Petitioner contends that TCI does not have the "power" to "compel [him], the flesh and blood natural man, to...do business as a Corporation." Petitioner also argues that by naming the "corporation," Respondent violated Petitioner's "Copyright [sic] Trade Mark Name." (Id. at p. 1).

1

As indicated more fully below, the Court determines that Petitioner's claims are entirely frivolous and, thus, the instant petition should be summarily denied on the merits.

## REVIEW OF CLAIMS

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition...that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. Under § 2243, it is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). The petitioner is required to set forth in summary form the facts supporting each of the grounds specified and must state the relief requested. Rule 4 of the Rules Governing Section 2254 Cases. A petition may be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to warrant summary dismissal. Blackledge v. Allison, 431 U.S. 63, 78, 97 S.Ct. 1621 (1977).

## DISCUSSION

Petitioner's claims are patently frivolous. The gravamen of the petition is that, by using capital letters in the document charging Petitioner with a disciplinary violation, Respondent was naming a "corporation" rather than Petitioner himself.

Petitioner does not cite, and the Court is not aware of, any authority supporting the view that, by the mere capitalizing of an inmate's name, the prison authorities are referring not to the inmate but to some fictitious business entity such as a corporation. Petitioner does not contend that notice was lacking, or that jurisdiction was absent, or that the proceedings denied him due

process.  Rather, he apparently is contending that the proceedings were entirely directed to a legal entity other than himself.

Petitioner's contention is absurd.  The Court has many pending habeas petitions from petitioners who are raising colorable and arguable federal claims.  To further entertain Petitioner's patently frivolous contention would do a disservice both to the Federal courts as well as to those petitioners who are forced to wait for decisions in their cases while the Court addresses meritless claims such as those raised in the instant case.

## **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS as follows:

1. That the Petition for Writ of Habeas Corpus (Doc. 1), be DENIED because the claims are frivolous.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 23, 2008**                                      /s/ Theresa A. Goldner
                                                                                     UNITED STATES MAGISTRATE JUDGE